IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE SENATOR,

      Plaintiff,                      No. 2:11-cv-2029 DAD P

   vs.

MATTHEW CATES, et al.,

      Defendants.            ORDER

_____/

        Plaintiff is a state prisoner, proceeding pro se, presenting claims pursuant to 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act, and supplemental state law claims. He has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. On August 11, 2011, plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 4.

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

/////

1           be granted, unless the prisoner is under imminent
2           danger of serious physical injury.

3 28 U.S.C. § 1915(g). Thus, the court must determine whether plaintiff has, on three or more

4 occasions prior to the filing of this new action, brought a civil action or appeal that was

5 dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

6 relief could be granted. A "plaintiff has 'brought' an action for the purposes of § 1915(g) when

7 he submits a complaint and request to proceed in forma pauperis to the court." O'Neal v. Price,

8 531 F.3d 1146, 1152 (9th Cir. 2008). Where a district court disposes of a prisoner's complaint

9 without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

10 or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

11 purposes of § 1915(g). Id. at 1153. "[A] dismissal ripens into a strike for §1915(g) purposes on

12 the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the

13 prisoner filed one, or from the date when the time to file a petition for writ of certiorari expires, if

14 he did not." Silva v. DiVittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation marks

15 omitted).

16       Here, court records reveal that plaintiff has accumulated at least three such strikes

17 in the United States District Court for the Central District of California. Those cases counting

18 against plaintiff as strikes for purposes of §1915(g) were described by the court in Senator v.

19 Alameida, No. CIV S-03-1701 LKK KJM P (E.D. Cal. Aug. 16, 2004) as follows:

20           In Senator v. California Department of Corrections, No.
          CIV 99-5806 (C.D. Cal. March 3, 2000), the court determined that
21           plaintiff's claims were frivolous and dismissed the case.

22           In Senator v. California Department of Corrections, No.
          CIV 99-11417 (C.D. Cal. Dec. 1, 1999), the court denied plaintiff's
23           request to proceed in forma pauperis and noted that plaintiff's
          claims were "legally and/or factually patently frivolous[.]"
24
          In Senator v. Orange County, No. CIV 99-11309 (C.D. Cal.
25           Dec. 1, 1999), the court denied plaintiff's request to proceed in
          forma pauperis and noted that the action was "legally and/or
26           factually patently frivolous" because the prosecutor had immunity

1   and the action was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477,
2   486-87 (1994).

3 Case No. CIV S-03-1701 LKK KJM P (E.D. Cal.), Doc. No. 23 at 3.[1]  Based upon those prior

4 strikes, plaintiff's complaint in in <u>Senator v. Alameida</u> was dismissed.  <u>Id</u>., Doc. No. 30.

5   There is an exception to the three-strike bar of § 1915(g) which allows a prisoner

6 to proceed with a civil action despite three prior qualifying dismissals where the prisoner is under

7 imminent danger of serious physical injury.  See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1056-57

8 (9th Cir. 2007).  However, the imminent danger exception applies only "if the complaint makes a

9 <u>plausible</u> allegation that the prisoner faced 'imminent danger of serious physical injury' at the

10 time of filing."  <u>Andrews</u>, 493 F.3d at 1055 (emphasis added).

11   In the complaint filed in this action, plaintiff alleges that he has been subjected to

12 "health care neglect and intentional withholding of services . . . . [and that] due to the acts and

13 omissions of defendants, plaintiff is undergoing regular actual serious physical injury regarding

14 orthopedics (spinal swelling and buckling; knees; right hip) and neurology (P.T.S.D. causally

15 [sic] related seizure/tick disorder with nausea and light-headedness)."  (Doc. No. 1 at 14.)

16 Plaintiff has attached to his complaint approximately 150 pages of exhibits.  The pertinent

17 medical records included in these voluminous exhibits are three progress notes from plaintiff's

18 December 14, 2010, January 3, 2011 and January 20, 2011 medical appointments.  (Doc. No. 1-1

19 at 53-55.)  Those records reflect plaintiff's complaints of suffering from a seizure disorder as

20 well as back, knee and neck pain.  However, the records also indicate that plaintiff was not in

21 "acute distress" and that he is alert and oriented.  (Doc. 1-1 at 53-55.)  Moreover, on November

---

[1] In addition to the three cases cited by the court in <u>Senator v. Alameida</u>, in <u>Senator v. Senator</u>, 555 U.S. 1093 (2009), plaintiff filed a motion to proceed in forma pauperis and a petition for a writ of certiorari with the U.S. Supreme Court following the dismissal of his state court appeal due to his failure to comply with a pre-filing requirement imposed on vexatious litigants.  The Supreme Court denied the motion to proceed in forma pauperis and the petition for a writ of certiorari was dismissed with citation to Supreme Court Rule 39.8.  That rule provides that "[i]f satisfied that a petition for a writ of certiorari . . . is frivolous or malicious, the Court may deny leave to proceed *in forma pauperis*."

19, 2010, plaintiff was removed from the Mental Health Services Delivery System (MHSDS) because it was determined by prison officials that the medical necessity no longer existed for such a placement. (Doc. 1-2 at 62.) The court finds that plaintiff has failed in his complaint to make a plausible allegation that he faces an imminent danger of serious physical injury at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 4, 2011 application to proceed in forma pauperis (Doc. No. 3) is denied pursuant to 28 U.S.C. § 1915(g); and

2. Within twenty-one days from the service of this order, plaintiff shall pay the full statutory filing fee of $350.00; plaintiff's failure to pay the filing fee will result in the dismissal of this action without prejudice.

DATED: June 4, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sen2029.1915g

4