IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE SENATOR,

        Plaintiff,                    No. 2:11-cv-02029 DAD P

    vs.

MATTHEW CATES, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff, a former state prisoner, has filed a civil rights complaint and seeks leave to proceed in forma pauperis. He has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (<u>See</u> Doc. No. 4.) On June 21, 2012, plaintiff filed a request for reconsideration of the undersigned's June 5, 2012 order denying plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and ordering him to pay the filing fee. In that June 5, 2012 order the undersigned determined that plaintiff had, on three or more prior occasions, brought a civil action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. (Doc. No. 7 at 2-3.) The court also concluded that plaintiff had failed to establish that this action, in which plaintiff alleges that he has received constitutionally inadequate care, fell within any exception to § 1915(g)'s three-strike bar in light of the fact that the allegations of his complaint and the records

1

1  attached thereto failed to show that plaintiff was faced with an imminent danger of serious
2  physical injury.  (Doc. No. 7 at 3-4.)
3      In his request for reconsideration, plaintiff argues that he continues to have
4  problems with both "spinal 'buckling'" and his right knee which causes him to fall when he is
5  walking without his cane and when exercising.  Plaintiff also argues that the court reached
6  erroneous conclusions about his medical condition and mental health.
7      A party seeking reconsideration of an order is required to show the "new or
8  different facts or circumstances claimed to exist which did not exist or were not shown upon
9  such prior motion, or what other grounds exist for the motion[.]"  Local Rule 230(j)(3).  "A
10 motion for reconsideration should not be granted, absent highly unusual circumstances, unless
11 the . . . court is presented with newly discovered evidence, committed clear error, or if there is an
12 intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH
13 & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Accordingly, "[a] party seeking reconsideration must
14 show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and
15 arguments considered by the court before rendering its original decision fails to carry the moving
16 party's burden."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
17 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D. N.J.
18 1992)).
19     In his motion for reconsideration of the court's June 5, 2012 order, plaintiff has
20 not presented any new facts or evidence indicating that his medical condition has worsened to the
21 extent that he now faces an imminent danger of serious physical injury.  Rather, in the motion for
22 reconsideration plaintiff merely repeats his description of his ongoing, chronic knee and spine
23 conditions.  Plaintiff's mere disagreement with the conclusions set forth in the court's prior order
24 do not provide sufficient grounds to support his motion for reconsideration of that order.
25 /////
26 /////

Therefore, IT IS HEREBY ORDERED that:

1. Upon reconsideration of plaintiff's June 21, 2012 request for reconsideration (Doc. No. 8), the undersigned's order filed on June 5, 2012, is affirmed;

2. Within twenty-one days from the service of this order, plaintiff shall pay the statutory filing fee of $350.00; and

3. Plaintiff's failure to pay the filing fee as ordered will result in the dismissal of this action without prejudice.

DATED: March 11, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sen2029.recon