IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE SENATOR,

      Plaintiff,                    No. 2:11-cv-02029 DAD P

    vs.

MATTHEW CATES, et al.,

      Defendants.           <u>ORDER</u>

/

        Plaintiff is a former prisoner proceeding pro se in this action with federal civil rights claims brought pursuant to the 42 U.S.C. §§ 1983 and 1985, claims under the Americans with Disabilities Act, and supplemental state law claims.[1]  Before the court is plaintiff's motion styled as, "Plaintiff's Request For Relief From Order Dated March 11, 2013."  (Doc. No. 11.)

        Plaintiff's pending motion is made in response to the court's prior orders requiring him to pay the filing fee in connection with this action.  In the court's June 5, 2012 order, it was determined that plaintiff had one three occasions prior to the filing of this action had actions dismissed as frivolous. malicious or for failure to state a claim (so-called "strikes under 28 U.S.C. § 1915(g)) and that he did not fall within the "imminent danger of serious physical injury"

---

[1] On August 11, 2011, plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (Doc. No. 4.)

1

1 exception of § 1915.  In the March 12, 2013 order, the court affirmed its prior order of June 5,
2 2012 and ordered plaintiff to submit the required filing fee within twenty-one days or this action
3 would be dismissed.

4       In his pending motion requesting relief from the court's March 12, 2013 order,
5 plaintiff again seeks leave to proceed without the payment of the filing fee in light of his limited
6 financial resources.  (Doc. No. 11 at 2.)  Plaintiff also requests that he be allowed to file his
7 pleadings with this court electronically because of the burdensome cost of "'paper' litigation."
8 (Id.)[2]

9       Plaintiff is advised that his motion to proceed in forma pauperis was denied
10 because he has suffered three strikes under § 1915(g) prior to the filing of this action, not because
11 the court questioned his representation that is indigent.  (See Order filed June 5, 2012 (Doc. No.
12 7) at 1-3.)  Moreover, plaintiff has not made a plausible allegation that he faced imminent danger
13 of serious physical injury at the time he initiated this action so as to qualify for an exception to
14 the three-strike bar of § 1915(g).  (Id. at 3-4.)  Accordingly, he is required by law to pay the
15 filing fee if he wishes to proceed with this action.

16       As to plaintiff's request to file his pleadings with this court electronically rather
17 than to file paper documents, that request will be denied as well.  Under Local Rule 133(a),
18 "[p]ro se parties shall file and serve paper documents as provided in these Rules."  E.D. Cal.
19 Local Rule 133(a).  The court may grant a pro se litigant permission to file pleadings

---

[2] Plaintiff's request for relief includes his description of medical testing and treatment he has received regarding his serious back condition following his release from prison on June 18, 2012.  Plaintiff's allegations in this regard do not address the imminent danger exception under § 1915 because they do not relate to the time period when his complaint was filed in this action. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) ("[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); Malik v. McGinnis, 293 F.3d 559, 562-63 (2nd Cir. 2002) (noting that all the circuits that have addressed the issue have interpreted the statute to require that the imminent danger exception existed at the time the complaint was filed).  Plaintiff will be provided a final opportunity to pay the filing fee or this action will be dismissed without prejudice.

electronically.  <u>See</u> E.D. Cal. Local Rule 133(b)(2).  However, the court is not persuaded by plaintiff's request that either grounds for the granting of such permission have been stated or that plaintiff has established that he is capable of utilizing the court's electronic case management/filing system.

As a final matter, the court notes that in the past mail sent by the court to plaintiff's address of record has been returned as undeliverable.  (<u>See</u> Doc. No. 10.)  The court also notes that plaintiff's current address of record, established by plaintiff by his Notice of Change of Address filed with the court on June 21, 2012, is the Orange County Probation Department.  However, plaintiff's pending motion for reconsideration bears an address in Anaheim Hills, California.  The court will order plaintiff to file a notice of change of address reflecting his current address so that court documents can be served at plaintiff's residence to avoid issues in the future with effective and timely service.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 1, 2013 motion for relief (Doc. No. 11) is denied;

2. Within fourteen days from the service of this order, plaintiff shall pay the statutory filing fee of $350.00.  Plaintiff's failure to pay the filing fee as ordered will result in the dismissal of this action without prejudice;

3. Within fourteen days from the service of this order, plaintiff shall file a notice of change of address; and

4. The Clerk of the Court is directed to serve this order on plaintiff at both his address of record and at 1014 S. St. Tropez Ave., Anaheim Hills, CA 92808.

DATED: June 19, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sen2029.motrelief